And our final case this morning is number 2012-7047, FEARS v. DVA. Mr. Raven. Good morning. Mr. Raven for, Sean Raven for Edward FEARS. May it please the Court. When the VCAA was about to be adopted, Congressman Lane, Lane Evans, said on the floor of the concerned with the number of cases reviewed by committee staff in which VA has evidence of a current disability and an indication of a potential in-service incident or serious events which may have caused or aggravated the disability, but VA failed to obtain a medical opinion concerning the relationship between the two. For example, under this provision, I expect that the veteran's military records indicate he served as a paratrooper and he now has evidence of arthritis of the knees. He indicates it was due to these jumps. VA will be required to obtain a medical opinion as to whether it is at least as likely as not that his current arthritis is related to his military service. The reason why I bring this up is because this ties in very nicely to this case. Mr. FEARS is a Marine who served and had honorable service and who now has bilateral arthritis of the knees. He has asserted to VA that his arthritis of the knees is due to the fact that he suffered traumatic injury from numerous strains caused by jumping out of helicopters from a height of about 8 to 10 feet without any type of parachute and causing repetitive injuries to his knees. He also testified and wrote in statements to VA that at the time that he was on Vieques and when he first noticed these injuries of his legs, of his knees, that he reported that he asked for medical treatment and was given aspirin and that these were the only, this was the only treatment that he was ever provided for. Let me see if I can cut through this. As I understand it, arthritis is a chronic disease under the regulations, right? And the regulations specifically say that pain alone, joint pain alone is not sufficient to establish arthritis. Now if I understand what you're doing, you're trying to rely on continuity of symptomatology to show that there was a chronic disease. You've shown, and I think it's fair to say that the board accepted this, that he did have joint pain while he was in service and that the joint pain continued thereafter. The problem is you need a medical opinion, do you not, that that joint pain is arthritis so that you can say he was suffering from a chronic condition? Well, two answers to your question. First off, you can establish service connection under 3.303A or 3.303B and the Walker case, which was recently decided, discussed 3.303B. Mr. Fears can try and obtain service connection either through A or B. His attempt under A was rejected on the grounds that he had no medical evidence of arthritis in service. Well, there was no, you're right, there was no diagnosis of arthritis in service. However, the incident under 3.303A would be the strain of jumping out of a helicopter and the repeated strain to his knees. And that, he doesn't need to have actually a chronic disability if this were not about arthritis. That alone, as Mr. Land-Evans has pointed out, with the VCAA, would entitle him to an examination. The issue ties in here nicely with Buchanan and the footnote of Buchanan because, in this case, Mr. Fears had a VA medical opinion in which the doctor clearly said that the lack of any evidence in service of treatment was one basis for the rationale that he said that his current arthritis was not related to his injuries in service. Well, what, are you arguing a 3.303A case or a B case? What's the data point that's problematic here? Well, I think they're both 3.303A and B. And I see what your point was when I got the order yesterday to look at Walker. But I also, I do recall looking at the memo decision seeing that the judge said that... The CABC rejected your A claim, right? And I didn't understand you on your briefing here to claim that that was error. I... I understood your brief to be just like the brief in the other two cases to say, well, you know, it's against the law to consider the absence of a medical record. It could, well... There's nothing in your brief that talks about A or B. No, there isn't actually. I think it was basically... It's too late to do that now. But even under B, the same principle would apply. Even under B, he would be entitled to an examination where the doctor didn't take in the absence of medical records as substantive negative evidence. Well, the board says under, as the CABC looked at it, in terms of B, you've got to have a good continuity of symptomatology. There needs to be a medical record that connects your current arthritis back to arthritis through that period of time. And in 74 or 75, one of the medical records, the guy said, he's got a lot of Osgood slaughter, he's got a lot of problems with his knees, but what he has got doesn't lead to arthritis. That's one part. He doesn't have arthritis now, and it doesn't lead to arthritis, and that almost was like an intercurrent cause. It sliced up your continuity. Well, that's one part. Well, that can certainly be your interpretation of the break of continuity of any diagnosis. But he's had these symptoms. Following service, he wasn't diagnosed with arthritis. That's certainly true. However, who's to know whether or not arthritis could have been detected through an MRI or through some other form of... Well, I don't see anything in your brief about he wasn't given sufficient... No, I didn't argue that he didn't. I'm just saying that... It's too late. I mean, your brief posits the question of whether we have to reverse because the board took into consideration the absence of a medical record. That's right. Right. That's your brief. Whereas Buchanan says it's perfectly legit to put that in the mix. This is not a rape corroboration case. No, this is not a rape... The arguments that were being made in the other two cases are not of any benefit to you. This is strictly the Buchanan case as it applies to a doctor's statement. And so what's wrong with... What's the flaw under Buchanan here? What happened? In this case, the doctor in his statement, and if you want me to read it verbatim, says, I do not believe this is related to service because there are no records of treatment showing that this disability existed in service. Plus the fact that there is a record in there that says, well, you got eight arthritis. Right. But if you throw it in the mix, you can't... How do you separate... I'm saying, but why can't you? Buchanan says you can put it in the mix. Buchanan says that it's one fact you can consider. Right. But if you're considering the absence of medical records as being substantive negative evidence, then no one who has never had medical treatment for knee disabilities in service will always get a negative medical opinion. If Mr. Feers, if all this opinion said, the medical opinion said, well, his knee disability isn't related to service because there are no service treatment records showing that he had the disability in service. If that's the case, it's not substantive negative evidence. It's just the absence of evidence. And all Mr. Feers would like is a medical opinion which simply takes into account his way statements that he's had continuous symptoms of pain since he's jumped out of helicopters and marched for 10 miles. It's anything that any service member would want. Well, it seems to me your problem is this. If the board or the CAVC had said, well, there can't be any recovery here because there's no service medical record of arthritis. If they'd said that, then that would be a problem. But that's not what they said. And what you do is you go back to the 2009 examiner's report and you read that report as saying that, right? Yes, I do. But we don't strictly review the examiner's report. The question is what the board and the CAVC made of the examiner's report. Right. And I believe that in the court's memo decision, it said that that was only one basis for the But if you throw it in the mix, if I use the terminology from the previous cases, if you throw it in the mix, it should never be part of the mix. Whether or not someone ever received treatment for a condition in service shouldn't be part of the mix. It should never be part of the mix. Why not? I mean, there are certain things that... Because military... Let me finish. I'm going to interrupt. And there's no service record of that. That's significant, isn't it? Because normally that would be something that would be reported in other records. In some instances, I would agree with you. But in some... You're making it a very significant disability, such as a broken leg. You could also make one about it being something like an amputation. Of course, I think those would be in the record. But there are instances in which service records are lost, misplaced, burned, destroyed. They just don't exist anymore. But this isn't about the analogy of a very significant injury such that would be noticed. This is one where he's saying, I'm competent to report that after I jumped out of helicopters in March for 10 miles, my knees hurt, and I've had a limp ever since. That's it. It's not a significant injury. It's not like... It depends on what he's... Is he trying to recover under A or B? I think he can recover under B. But I think it was a mistake for the court to say that A wasn't there, because I think if you looked at... That's the problem, isn't it? Your brief doesn't deal with the facts of this case. Well, I think that... And, I mean, what I really hear you to be saying is that you believe that maybe because of Buchanan that the need for a medical nexus under a Gober case is incorrect. I mean, Savage against Gober says that in order for you to prevail, you need to have under B a condition, arthritic-type condition, that was noted in service, not diagnosed. That's true here. And you need a diagnosis of arthritis, which you have here, and then you need a continuity of symptomatology, and you also need a medical opinion that provides nexus between the arthritis and the period of time and the continuity of the symptomatology. He has... That's a requirement under the case law, correct? Well, under... Sort of. I would agree with you, but I would also disagree with you, respectfully. Under 3.303B, I think that when we talk about chronicity of symptoms, that's one alternative means of showing if there was no diagnosis of a chronic condition in service, that the symptoms noted in service are of a specific type which can be diagnosed as a chronic condition. Well, it has to be diagnosed as a chronic condition, not necessarily while he's in service, but at some point in time. Some doctor has to say the pain that this person has been experiencing since his service is arthritis, service-connected. And that seems to be what we're missing here. The doctor, in fact, said sort of the opposite. In 75, it wasn't arthritis, and it wasn't likely to lead to arthritis. That's the problem. Yes. The requirement is that there needs to be medical expertise to relate the appellant's present arthritis etiologically to his post-service symptoms. That's an evidentiary requirement. That's right. And the argument that I have in response, and perhaps I'm missing something. The finding here was that you failed to supply that evidence. And are you telling me that this requirement that's been in the 3.303B law since Savvy Vince Grover, that that's illegal? No. It's not illegal to require that evidence? No. And I'm saying that in obtaining that evidence and assisting the veteran to obtain that evidence, you cannot consider the absence of records in terms of a medical opinion. I feel like I might be missing something. Well, what is harming you here is that there's a fact finding that there was a piece of evidence in the record in your continuity period that said you don't have arthritis. And the problem that you've got now doesn't lead to arthritis. Right. And the problem you've got now is related to jumping out of the airplane. So the connecting rod was snipped, as I see it. I see my time's almost up. Okay. Save the rest of your time. Please. Thank you. Is it MAKO or MACO? MACO. MACO. Good morning, Your Honors. Good morning. May it please the Court. The Court should dismiss this appeal based on the recent decision in King v. Shinseki. But before I get to that, I'll start by addressing the Walker decision and how it relates to continuity of symptoms in this context. Under Walker, Walker was a 303B case, and that deals with chronic diseases. Arthritis is a chronic disease. It is listed in there. So this isn't a case like Walker. It didn't involve that. When you have a chronic disease like arthritis that's shown in service, then there isn't a nexus requirement between the in-service injury and the current disability. Now, what does it mean to be shown in service? There's case law on that that it has to be. Well, it wasn't shown in service. It wasn't documented. Correct. It was noted. It was noted. Correct. The condition was noted, right? Well, there was knee pain that was noted. Correct. So this would not be the easy case where you have arthritis in service and arthritis diagnosis now. Well, we know that. But the problem is that in this 2009 examiner's report, he said, I'm reaching this conclusion because there wasn't any in-service diagnosis. If the board or the veterans court had said that, that would be wrong, correct? Because under the continuity of symptomatology approach, you don't have to have a medical diagnosis while in service, right?  So with continuity of symptoms, there's that aspect of a chronic disease showing under 303B where if the veteran offered evidence of the symptoms continuously from service through today's diagnosis, that can be enough for service connection. The problem here for Mr. Feers, for the veteran, is that the symptoms in this case was knee pain. It wasn't arthritis. Knee pain can be a lot of different things. And there wasn't that connection. On page three of our brief, as well as page six of the joint appendix in the veterans court's opinion, we noted that, and the veterans court noted, that any continuous symptoms still need to relate to the current disability. We can think of extreme examples where if the symptoms that had been described since service were something like a toothache that isn't related to arthritis, then clearly the fact that those symptoms of a toothache have continued for years can't support service connection as a chronic disease. There's a closer case when you have something like, well, what about knee pain? What about joint pain? And now you have knee arthritis. Well, that's a closer case. And Mr. Raven this morning mentioned, well, you know, there's this legislative history about jumping out of helicopters and knee pain and what that means. And what that legislative history relates to is that's something that can trigger the secretary's duty to assist the veteran, which is exactly what happened in this case. Well, if you look at page 35 of the appendix, here's the examiner's report. He says, with regards to the opinion that is requested, I feel it's less likely than not that the patient's service is caused by the patient's knee arthritis, along knee issues and eventual knee replacement. My rationale behind this is that he has never appeared to have any treatment while in service for his knee. I mean, that's just a misunderstanding, is it not, of how service connection can be proven. You don't have to have treatment during service to establish a chronic condition through continuity of symptomatology. That's correct. If you can show that the symptoms, the continuity of symptoms, that those symptoms actually relate to your present disability. So if what we had, if this were a board opinion, this would be wrong, right? Yes, that alone. Isn't that a problem? No, because the remainder of Dr. Connolly's opinion goes on to explain that the evidence here is knee pain. Why was his claim rejected? Start with the CAVC and work backwards. Why was Mr. Feer's claim for service connection for his arthritis rejected? Dr. Connolly's opinion, the veterans board and the board have relied on Dr. Connolly's opinion that looked to all of the evidence, including the lay statements as well as all the medical records, to find out the board remanded for a determination of what really caused the knee arthritis and did that knee arthritis have its onset in service. That was what the point of the remand was. So what was the polling? Why has he lost? Because those symptoms, the symptoms of knee pain, don't relate to arthritis. Let me put it in a 3.303B analysis, okay? So he had a condition relating to his knees that was noted in service, right? His lay testimony is sufficient to satisfy that requirement. I would assume that it is for purposes of the hypothetical. There isn't a lot of case law about noted, but yet let's assume, I will assume that it's noted. And there's nothing in any of the decisions that suggest that what was noted in service wasn't sufficiently arthritic to be in our pre-early arthritis condition. Is there in this record? No, there's not. So we have a condition noted in service as potentially arthritic. We have a diagnosis of arthritis at the end of the road. We have a reliance on continuity of symptomatology, which if successful, allows you to, in essence, pretend that what you had in service was arthritis and it's all connected, that's the way it works. Yes. So why doesn't he succeed? What's wrong? We have the end service notation and we have the diagnosis. There's a problem with the continuity of symptomatology? There is. And what is that? The issue is that there are medical records in this case, including one from records from 1975 about the knees, about the veteran's knees. And Dr. Connolly, when he was looking at those conditions and what was going on back in the 70s, found that typically it was not the sort of injury and pain that contributes to knee arthritis down the road. So those issues were considered by Dr. Connolly. And the VA, the purpose of remanding to Dr. Connolly was to find out the root cause of the arthritis and whether it had its onset in service. But the terms of the remand were not to assess the evidence in this case in the light of 3.303B, right? It's true. It wasn't referenced. I'm coming to the fact that, I mean, as the presiding judge pointed out, the fact that the examining doctor said, well, he never appeared to have any treatment for his knee in service is totally irrelevant to a 3.303B case. But it may be. Under 3.303B, a continuity of symptoms can establish service connection if assuming those symptoms have a connection to the actual disability. That's what we lack in this case. And that's what Dr. Connolly is really concluding. What's your understanding of your adversary's argument? Why is your adversary telling us we should reverse here? What was wrong? The veteran's contention is that Dr. Connolly relied on the absence of contemporaneous medical records to find that there was no service connection. The problem is that there was no categorical rule below. Both the examiner, Dr. Connolly, as well as the board and the veterans' court have cited and even credited the veteran's lay testimony about what he thought caused his knee pain and what he did in service. And the whole point of remanding for a medical opinion was to address that issue. The veteran asserts, Mr. Feers asserts, though, that And your argument is that under JANDRA, that's beyond our jurisdiction to decide whether the assessment of the mix of the evidence was correct. That's certainly true, yes. Under JANDRA, the board was within its rights to make a competency determination about whether lay statements alone can demonstrate something like arthritis. Is arthritis something like a broken leg, or is it something like cancer, a form of cancer? And the board, in its essence, held that the arthritis was more like cancer. It's something that requires a medical diagnosis or medical opinion, but that's not even the determination. Well, Savage against Dober held that, too. I mean, it's an arthritis. Yes. That's a knee case. Right. Savage. And one of the reasons, even if the court were to assert jurisdiction in this type of case and find that there was an interpretation that was incorrect below, which is Mr. Feers' argument, Mr. Feers doesn't challenge that competency determination. He's really focusing on credibility, asserting that there was some error in the weighing of lay evidence versus medical evidence. And so even if there were such an error, which there isn't, but if there were, there's the competency determination, which is unchallenged. This court's decision in King presents a similar issue if the court were to – Competency determination? I mean, he's not competent to connect the knee pain to the arthritis, but we do ultimately have a connection between knee pain and arthritis, right? Medical. No, there's not. Here, there's no connection between the – I mean, there can be. Well, he has arthritis, right? He does have, yes. All right, and the knee, right? Yes, yes. Yeah, and so he had knee pain, which was arthritis. The question is whether it's the same symptom that he had after service. That's correct. Yeah. And they were – yes. And we're talking – Dr. Connolly, when he did his examination, concluded that those were different things, different issues. But for King, Mr. Feers' main argument is that there's some interpretation in the decision below about lay evidence. But the board in this case cited Buchanan, cited the rule from Buchanan, and concluded that the lay evidence must be considered, that the board held that this is not a case in which lay evidence alone is enough, because this was an arthritis case. Again, citing both Buchanan and Jandrew, page 22 of the joint appendix. In King, the court dismissed for lack of jurisdiction because the interpretation that the veteran was describing in the decisions below wasn't actually the interpretation that was there. And that's true for this case as well. King controls as a threshold matter, and the court should dismiss for lack of jurisdiction. But even if the court didn't and reached the merits, the court should affirm finding no error below. Okay. Thank you. Thank you, Mr. Monaco. Mr. Raven. If there are no further questions, I have nothing further. No further questions. Thank both counsel. The case is submitted, and that concludes our session for today.